**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

SMARTER AGENT, LLC, a Delaware
limited liability company,

       Plaintiff,

   v.

BOOPSIE, INC., CLASSIFIED VENTURES,
LLC, HOTPADS, INC., IDX, INC., MOVE,
INC., REALSELECT, INC., MULTIFAMILY
TECHNOLOGY SOLUTIONS, INC., d/b/a
MYNEWPLACE, PRIMEDIA, INC.,
CONSUMER SOURCE, INC. TRSOFT, Inc.,
d/b/a PLANETRE, TRULIA, INC., ZILLOW,
INC., and ZIPREALTY, INC.,

       Defendants.

---

IDX, INC., an Oregon corporation,

      Counterclaim Plaintiff,

   v.

SMARTER AGENT, LLC, a Delaware
limited liability company,

      Counterclaim Defendant.

Case No. 1:10-cv-00245-LPS

**JURY TRIAL DEMANDED**

**DEFENDANT IDX, INC.'S ANSWER AND COUNTERCLAIMS**
**TO PLAINTIFF'S COMPLAINT**

  Defendant IDX, Inc. ("IDX"), for its Answer and Counterclaims to the Complaint for

Patent Infringement ("Complaint") filed by Plaintiff Smarter Agent, LLC ("Smarter Agent"),

states as follows:

**NATURE OF THE ACTION**

  1.  IDX admits that United States Patent Number 6,385,541 ("the '541 patent")

purports to be titled "Global Positioning-Based Real Estate Database Access Device and Method," that United States Patent Number 6,496,776 ("the '776 patent") purports to be titled "Position-Based Information Access Device and Method," and that United States Patent Number 7,072,665 ("the '665 patent") purports to be titled "Position-Based Information Access Device and Method of Searching."  IDX further admits that the Complaint purports to be a patent infringement action and that it seeks injunctive relief and monetary damages.  IDX does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies the same.  Except as expressly admitted herein, IDX denies each and every allegation of Paragraph 1 of the Complaint.

## THE PARTIES

2.      IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and, therefore, denies the same.

3.      IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and, therefore, denies the same.

4.      IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and, therefore, denies the same.

5.      IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and, therefore, denies the same.

6.      IDX admits that it is an Oregon corporation, with its principal place of business in Eugene, Oregon.  Except as expressly admitted herein, IDX denies each and every allegation of Paragraph 6 of the Complaint.

7.      IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and, therefore, denies the same.

8.      IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and, therefore, denies the same.

9.      IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and, therefore, denies the same.

10.     IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and, therefore, denies the same.

11.     IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and, therefore, denies the same.

12.     IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and, therefore, denies the same.

13.     IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and, therefore, denies the same.

14.     IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and, therefore, denies the same.

15.     IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and, therefore, denies the same.

## JURISDICTION AND VENUE

16.     Paragraph 16 states legal conclusions, to which no responses are required.

17.     IDX denies each and every allegation of Paragraph 17 of the Complaint as they pertain to IDX.  IDX does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph as they pertain to other defendants and, therefore, denies the same.

18.     IDX admits that it has made available software for use with a mobile device that

allows a user to access certain information relating to real estate.  IDX denies the remaining

allegations of Paragraph 18 of the Complaint as they pertain to IDX.  IDX does not have

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of this paragraph as they pertain to other defendants and, therefore, denies the same.  Except as

expressly admitted herein, IDX denies each and every allegation of Paragraph 18 of the

Complaint.

19.     Paragraph 19 states a legal conclusion, to which no response is required.

20.     Paragraph 20 states legal conclusions, to which no responses are required.  IDX

denies the remaining allegations of Paragraph 20 of the Complaint as they pertain to IDX.  IDX

does not have knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of this paragraph as they pertain to other defendants and, therefore, denies

the same.

## **BACKGROUND**

21.     IDX denies each and every allegation of Paragraph 21 of the Complaint.

22.     IDX denies each and every allegation of Paragraph 22 of the Complaint.

23.     IDX denies each and every allegation of Paragraph 23 of the Complaint.

24.     IDX does not have knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 24 and, therefore, denies the same.

25.     IDX does not have knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 25 and, therefore, denies the same.

26.     IDX does not have knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 26 and, therefore, denies the same.

27.     IDX does not have knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 27 and, therefore, denies the same.

28.     IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and, therefore, denies the same.

29.     IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and, therefore, denies the same.

30.     IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and, therefore, denies the same.

31.     IDX admits that it has made available an application for mobile phones, which may be used to access certain real estate information.  IDX further admits that the application may be operated on an Apple iPhone.  IDX denies the remaining allegations of Paragraph 31 of the Complaint.  Except as expressly admitted herein, IDX denies each and every allegation of Paragraph 31 of the Complaint.

32.     IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and, therefore, denies the same.

33.     IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and, therefore, denies the same.

34.     IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and, therefore, denies the same.

35.     IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and, therefore, denies the same.

36.     IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and, therefore, denies the same.

37.     IDX does not have knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 37 and, therefore, denies the same.

38.     IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and, therefore, denies the same.

39.     IDX denies each and every allegation of Paragraph 39 of the Complaint as they pertain to IDX.  IDX does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39 and, therefore, denies the same.

<u>**FIRST CLAIM FOR RELIEF**</u>
<u>**INFRINGEMENT OF THE '541 PATENT**</u>

40.     IDX repeats and incorporates by reference each of the responses to Paragraphs 1-39 above as if fully set forth herein.

41.     IDX denies each and every allegation of Paragraph 41 of the Complaint as they pertain to IDX.  IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 as they pertain to other defendants and, therefore, denies the same.

42.     IDX denies each and every allegation of Paragraph 42 of the Complaint as they pertain to IDX.  IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 as they pertain to other defendants and, therefore, denies the same.

43.     IDX denies each and every allegation of Paragraph 43 of the Complaint as they pertain to IDX.  IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 as they pertain to other defendants and, therefore, denies the same.

44.     IDX denies each and every allegation of Paragraph 44 of the Complaint as they pertain to IDX.  IDX does not have knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 44 as they pertain to other defendants and, therefore, denies the same.

45.     IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and, therefore, denies the same.

46.     IDX denies each and every allegation of Paragraph 46 of the Complaint as they pertain to IDX.  IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 as they pertain to other defendants and, therefore, denies the same.

<u>SECOND CLAIM FOR RELIEF</u>
<u>INFRINGEMENT OF THE '776 PATENT</u>

47.     IDX repeats and incorporates by reference each of the responses set forth in Paragraphs 1-46 above as if fully set forth herein.

48.     IDX denies each and every allegation of Paragraph 48 of the Complaint as they pertain to IDX.  IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 as they pertain to other defendants and, therefore, denies the same.

49.     IDX denies each and every allegation of Paragraph 49 of the Complaint as they pertain to IDX.  IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 as they pertain to other defendants and, therefore, denies the same.

50.     IDX denies each and every allegation of Paragraph 50 of the Complaint as they pertain to IDX.  IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 as they pertain to other defendants and, therefore, denies the same.

51.     IDX denies each and every allegation of Paragraph 51 of the Complaint as they pertain to IDX.  IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 as they pertain to other defendants and, therefore, denies the same.

52.     IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and, therefore, denies the same.

53.     IDX denies each and every allegation of Paragraph 53 of the Complaint as they pertain to IDX.  IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 as they pertain to other defendants and, therefore, denies the same.

**THIRD CLAIM FOR RELIEF**
**INFRINGEMENT OF THE '665 PATENT**

54.     IDX repeats and incorporates by reference each of the responses set forth in Paragraphs 1-53 above as if fully set forth herein.

55.     IDX denies each and every allegation of Paragraph 55 of the Complaint as they pertain to IDX.  IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 as they pertain to other defendants and, therefore, denies the same.

56.     IDX denies each and every allegation of Paragraph 56 of the Complaint as they pertain to IDX.  IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 as they pertain to other defendants and, therefore, denies the same.

57.     IDX denies each and every allegation of Paragraph 57 of the Complaint as they pertain to IDX.  IDX does not have knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 57 as they pertain to other defendants and, therefore, denies the same.

58.     IDX denies each and every allegation of Paragraph 58 of the Complaint as they pertain to IDX.  IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 as they pertain to other defendants and, therefore, denies the same.

59.     IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 and, therefore, denies the same.

60.     IDX denies each and every allegation of Paragraph 60 of the Complaint as they pertain to IDX.  IDX does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 as they pertain to other defendants and, therefore, denies the same.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses to all claims purported to be set forth against it in the Complaint, including the Prayer for Relief therein, IDX alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Non-infringement)

IDX has not directly or indirectly infringed, either literally or under the doctrine of equivalents, either individually or collectively, any claim of the '541, '776, or '665 patents.

### THIRD AFFIRMATIVE DEFENSE

(Anticipation/Obviousness)

One or more claims of the '541, '776, and '665 patents is invalid, *inter alia*, as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103.

### FOURTH AFFIRMATIVE DEFENSE

(Invalidity)

One or more claims of the '541, '776, and '665 patents is invalid, *inter alia*, because the specification does not comply with 35 U.S.C. § 112, first paragraph, and because the claims do not comply with 35 U.S.C. § 112, second paragraph.

### FIFTH AFFIRMATIVE DEFENSE

(Equitable Relief Barred)

Smarter Agent's claim for injunctive relief and equitable remedies is barred in light of the fact that Plaintiff has an adequate remedy at law.

### COUNTERCLAIMS OF IDX, INC.

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counterclaim-Plaintiff IDX, Inc. alleges the following Counterclaims against Plaintiff Smarter Agent, LLC:

1.      IDX is a Delaware corporation organized and existing under the laws of Oregon, with its principal place of business at 271 W.5th Avenue, Eugene, Oregon 97401.

2.      On information and belief, Smarter Agent is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Camden, New Jersey.

## JURISDICTION

3.      This Counterclaim is brought pursuant to the Declaratory Judgment Act, codified

at 28 U.S.C. §§ 2201 and 2202, and pursuant to the patent laws of the United States, including,

but not limited to, 35 U.S.C. §§ 271, 281, 284 and 285.

4.      Subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1338.

## BACKGROUND

5.      Smarter Agent purports to be the sole holder of the entire right, title and interest in

the '541, '776 and '665 patents.

6.      Smarter Agent has charged IDX with infringing the '541, '776 and '665 patents.

7.      IDX denies infringement of any valid claim of the asserted patents.

8.      The '541 patent is invalid for failure to comply with one or more the requirements

of the patent laws of the United States, including, but not limited to, those codified at 35 U.S.C.

§§ 102, 103 and 112.

9.      The '776 patent is invalid for failure to comply with one or more the requirements

of the patent laws of the United States, including, but not limited to, those codified at 35 U.S.C.

§§ 102, 103 and 112.

10.      The '665 patent is invalid for failure to comply with one or more the requirements

of the patent laws of the United States, including, but not limited to, those codified at 35 U.S.C.

§§ 102, 103 and 112.

## COUNTERCLAIM ONE
### Declaratory Judgment of Non-Infringement of the '541, '776 and '665 patents

11.      IDX repeats and re-alleges the allegations of the preceding paragraphs 1-10 as if

fully set forth herein.

12.      Smarter Agent has sued IDX in the present action, alleging infringement of the

'541, '776 and '665 patents.  Thus, an immediate, real and justiciable controversy exists between

Smarter Agent and IDX with respect to the validity of the '541, '776 and '665 patents.

13.     IDX is not infringing, has not infringed, either literally or under the doctrine of

equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim

of the '541, '776 and '665 patents.

14.     IDX is entitled to a declaratory judgment that it has not and does not infringe,

directly or indirectly, any valid, enforceable claim of the '541, '776 and '665 patents.

15.     Smarter Agent has also filed this action without a good faith basis, making this an

exceptional case.  Consequently, Smarter Agent is liable for any and all attorneys' fees, expenses

and costs incurred by IDX in connection with this baseless action by Smarter Agent.

## COUNTERCLAIM TWO
### Declaratory Judgment of Invalidity of the '541, '776 and '665 patents

16.     IDX repeats and re-alleges the allegations of the preceding paragraphs 1 to 15 as

if fully set forth herein.

17.     Smarter Agent has sued IDX in the present action, alleging infringement of the

'541, '776 and '665 patents.  Thus, an immediate, real and justiciable controversy exists between

Smarter Agent and IDX with respect to the validity of the '541, '776 and '665 patents.

18.     The claims of the '541, '776 and '665 patents are invalid for failure to satisfy one

or more of the requirements of Title 35 of the United States Code, including, without limitation,

Sections 102, and 103 and/or 112.

19.     IDX is entitled to a declaratory judgment that the claims of the '541, '776 and

'665 patents are invalid.

20.     Smarter Agent has also filed in this action without a good faith basis, making this

an exceptional case.  Consequently, Smarter Agent is liable for any and all attorneys' fees,

expenses and costs incurred by IDX in connection with this baseless action by Smarter Agent.

## **RELIEF**

WHEREFORE, IDX respectfully requests the following relief:

a.      That Smarter Agent take nothing by its Complaint and that Smarter Agent's Complaint be dismissed with prejudice;

b.      That the Court find and declare that IDX does not infringe any valid, enforceable claim of the '541, '776 and '665 patents;

c.      That the Court find and declare that the claims of the '541, '776 and '665 patents asserted against IDX are invalid and unenforceable;

d.      That, pursuant to 35 U.S.C. §285, Fed. R. Civ. P. 11, and/or other applicable laws, the Court find that Smarter Agent's conduct in commencing and pursuing this action renders this an exceptional case and that IDX be awarded its attorneys' fees, expenses and costs incurred in connection with this action; and

e.      That IDX be granted such other and additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, IDX hereby demands a trial by jury.


Dated:  August  31, 2010

By:  /s/Arthur G. Connolly, III
    Arthur G. Connolly III (#2667)
    AConnollyIII@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Post Office Box 2207
Wilmington, DE  19899
Telephone:    (302) 888-6318
Facsimile:    (302) 658-5614

Attorneys for Defendant
IDX, Inc.

Of Counsel:
Ramsey M. Al-Salam
PERKINS COIE LLP
1201 Third Avenue
Suite 4800
Seattle, WA 98101
Telephone:    (206) 359-8000
Facsimile:    (206) 359-9000

Christopher Kao
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA 94025
Telephone:    (650) 848-4300
Facsimile:    (650) 838-4350