IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SMARTER AGENT, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| - v - | ) |
| | ) |
| BOOPSIE, INC., CLASSIFIED VENTURES, LLC, | ) C.A. No. 10-245-JJF-LPS |
| HOTPADS, INC., IDX, INC., MOVE, INC., | ) |
| REALSELECT, INC., MULTIFAMILY | ) |
| TECHNOLOGY SOLUTIONS, INC. d/b/a/ | ) **JURY TRIAL DEMANDED** |
| MYNEWPLACE, PRIMEDIA, INC., | ) |
| CONSUMER SOURCE, INC., TRSOFT, INC. d/b/a | ) |
| PLANETRE, TRULIA, INC., ZILLOW, INC., and | ) |
| ZIPREALTY, INC., | ) |
| | ) |
| Defendants. | ) |

## ANSWER AND COUNTERCLAIMS OF CLASSIFIED VENTURES, LLC

Defendant Classified Ventures, LLC ("CV") answers the Complaint of plaintiff Smarter Agent, LLC ("Smarter Agent") as follows:

## NATURE OF THE ACTION

1.  CV admits that the Complaint alleges infringement of three United States patents, and that copies of said patents-in-suit are purported to be attached to the Complaint as Exhibits A-C. CV further admits that the Complaint seeks injunctive relief and monetary damages. CV lacks knowledge sufficient to admit or deny plaintiff's allegations regarding its ownership of the patents-in-suit, and, on that basis, denies the same. CV denies the remaining allegations of paragraph 1.

## THE PARTIES

2.  CV lacks knowledge sufficient to admit or deny the allegations in paragraph 2, and, on that basis, denies the same.

3. CV lacks knowledge sufficient to admit or deny the allegations in paragraph 3, and, on that basis, denies the same.

4. CV admits the allegations of paragraph 4.

5. CV lacks knowledge sufficient to admit or deny the allegations in paragraph 5, and, on that basis, denies the same.

6. CV lacks knowledge sufficient to admit or deny the allegations in paragraph 6, and, on that basis, denies the same.

7. CV lacks knowledge sufficient to admit or deny the allegations in paragraph 7, and, on that basis, denies the same.

8. CV lacks knowledge sufficient to admit or deny the allegations in paragraph 8, and, on that basis, denies the same.

9. CV lacks knowledge sufficient to admit or deny the allegations in paragraph 9, and, on that basis, denies the same.

10. CV lacks knowledge sufficient to admit or deny the allegations in paragraph 10, and, on that basis, denies the same.

11. CV lacks knowledge sufficient to admit or deny the allegations in paragraph 11, and, on that basis, denies the same.

12. CV lacks knowledge sufficient to admit or deny the allegations in paragraph 12, and, on that basis, denies the same.

13. CV lacks knowledge sufficient to admit or deny the allegations in paragraph 13, and, on that basis, denies the same.

14. CV lacks knowledge sufficient to admit or deny the allegations in paragraph 14, and, on that basis, denies the same.

15. CV lacks knowledge sufficient to admit or deny the allegations in paragraph 15, and, on that basis, denies the same.

## JURISDICTION AND VENUE

16. CV admits the allegations of paragraph 16.

17. CV admits that it is subject to the personal jurisdiction of this Court and that CV has transacted business in the State of Delaware and in this district. CV is without knowledge sufficient to admit or deny the allegations of paragraph 17 regarding the acts of other defendants herein, and, on that basis, denies the same. CV denies the remaining allegations of paragraph 17.

18. CV admits that it has made available, free-of-charge, a software application for use on the Apple iPhone that enables users to access information relating to rental apartments. CV is without knowledge sufficient to admit or deny the allegations of paragraph 18 regarding the acts of other defendants herein, and, on that basis, denies the same. CV denies the remaining allegations of paragraph 18.

19. CV admits the allegations of paragraph 19.

20. CV admits that it resides in this district for purposes of venue, that CV is subject to personal jurisdiction in this district, and that CV conducts business and provides services in this district. CV is without knowledge sufficient to admit or deny the allegations of paragraph 20 regarding the acts of other defendants herein, and, on that basis, denies the same. CV denies the remaining allegations of paragraph 20.

## BACKGROUND

21. CV admits that the title page of Exhibit A to the Complaint recites that U.S. Patent No. 6,385,541 issued on May 7, 2002, but is without knowledge sufficient to admit or deny the remaining allegations of paragraph 21, and, on that basis, denies the same.

22. CV admits that the title page of Exhibit B to the Complaint recites that U.S. Patent 6,496,776 issued on December 17, 2002, but is without knowledge sufficient to admit or deny the remaining allegations of paragraph 22, and, on that basis, denies the same.

23. CV admits that the title page of Exhibit C to the Complaint recites that U.S. Patent No. 7,072,665 issued on July 4, 2006, but is without knowledge sufficient to admit or deny the remaining allegations of paragraph 23, and, on that basis, denies the same.

24. CV is without knowledge sufficient to admit or deny the allegations of paragraph 24, and, on that basis, denies the same.

25. CV admits that the patents-in-suit purport to disclose methods and systems relating to mobile access to real estate information, but denies the remaining allegations of paragraph 25.

26. CV is without knowledge sufficient to admit or deny the allegations of paragraph 26, and, on that basis, denies the same.

27. CV denies the allegations of paragraph 27.

28. CV states that paragraph 28 is directed to a defendant other than CV, and thus no response is required of CV. To the extent a response is required, CV is without knowledge sufficient to admit or deny the allegations of paragraph 28, and, on that basis, denies the same.

29. CV admits that it distributes (via Apple's iTunes on-line store and via Apple's iPhone App Store) and supports, free-of-charge, a software application entitled "Apartments.com," which may be operated on an Apple iPhone. CV denies the remaining allegations of paragraph 29.

30. CV states that paragraph 30 is directed to a defendant other than CV, and thus no response is required of CV. To the extent a response is required, CV is without knowledge sufficient to admit or deny the allegations of paragraph 30, and, on that basis, denies the same.

31. CV states that paragraph 31 is directed to a defendant other than CV, and thus no response is required of CV. To the extent a response is required, CV is without knowledge sufficient to admit or deny the allegations of paragraph 31, and, on that basis, denies the same.

32. CV states that paragraph 32 is directed to a defendant other than CV, and thus no response is required of CV. To the extent a response is required, CV is without knowledge sufficient to admit or deny the allegations of paragraph 32, and, on that basis, denies the same.

33. CV states that paragraph 33 is directed to a defendant other than CV, and thus no response is required of CV. To the extent a response is required, CV is without knowledge sufficient to admit or deny the allegations of paragraph 33, and, on that basis, denies the same.

34. CV states that paragraph 34 is directed to a defendant other than CV, and thus no response is required of CV. To the extent a response is required, CV is without knowledge sufficient to admit or deny the allegations of paragraph 34, and, on that basis, denies the same.

35. CV states that paragraph 35 is directed to a defendant other than CV, and thus no response is required of CV. To the extent a response is required, CV is without knowl-

edge sufficient to admit or deny the allegations of paragraph 35, and, on that basis, denies the same.

36. CV states that paragraph 36 is directed to a defendant other than CV, and thus no response is required of CV. To the extent a response is required, CV is without knowledge sufficient to admit or deny about the allegations of paragraph 36, and, on that basis, denies the same.

37. CV states that paragraph 37 is directed to a defendant other than CV, and thus no response is required of CV. To the extent a response is required, CV is without knowledge sufficient to admit or deny the allegations of paragraph 37, and, on that basis, denies the same.

38. CV states that paragraph 38 is directed to a defendant other than CV, and thus no response is required of CV. To the extent a response is required, CV is without knowledge sufficient to admit or deny the allegations of paragraph 38, and, on that basis, denies the same.

39. CV denies that it derives revenue from advertisements displayed via the "Apartments.com" iPhone software application, denies that it charges any fee for leads generated from users of the "Apartments.com" iPhone software application, and denies that it sells or charges a fee for a license to the "Apartments.com" iPhone software application. CV is without knowledge sufficient to admit or deny the allegations of paragraph 39 regarding the acts of other defendants herein, and, on that basis, denies the same. CV denies the remaining allegations of paragraph 39.

**FIRST CLAIM FOR RELIEF**
**INFRINGEMENT OF THE '541 PATENT**

40. CV repeats and incorporates by reference each of paragraphs 1-39 above as if fully set forth herein.

41. CV denies the allegations of paragraph 41 as to itself. CV is without knowledge sufficient to admit or deny the allegations of paragraph 41 regarding the acts of other defendants herein, and, on that basis, denies the same.

42. CV denies the allegations of paragraph 42 as to itself. CV is without knowledge sufficient to admit or deny the allegations of paragraph 42 regarding the acts of other defendants herein, and, on that basis, denies the same.

43. CV denies the allegations of paragraph 43 as to itself. CV is without knowledge sufficient to admit or deny the allegations of paragraph 43 regarding the acts of other defendants herein, and, on that basis, denies the same.

44. CV denies the allegations of paragraph 44 as to itself. CV is without knowledge sufficient to admit or deny the allegations of paragraph 44 regarding the acts of other defendants herein, and, on that basis, denies the same.

45. CV denies the allegations of paragraph 45 as to itself. CV is without knowledge sufficient to admit or deny the allegations of paragraph 45 regarding the acts of other defendants herein, and, on that basis, denies the same.

46. CV denies the allegations of paragraph 46 as to itself. CV is without knowledge sufficient to admit or deny the allegations of paragraph 46 regarding the acts of other defendants herein, and, on that basis, denies the same.

**SECOND CLAIM FOR RELIEF**
**INFRINGEMENT OF THE '776 PATENT**

47. CV repeats and incorporates by reference each of paragraphs 1-46 above as if fully set forth herein.

48. CV denies the allegations of paragraph 48 as to itself. CV is without knowledge sufficient to admit or deny the allegations of paragraph 48 regarding the acts of other defendants herein, and, on that basis, denies the same.

49. CV denies the allegations of paragraph 49 as to itself. CV is without knowledge sufficient to admit or deny the allegations of paragraph 49 regarding the acts of other defendants herein, and, on that basis, denies the same.

50. CV denies the allegations of paragraph 50 as to itself. CV is without knowledge sufficient to admit or deny the allegations of paragraph 50 regarding the acts of other defendants herein, and, on that basis, denies the same.

51. CV denies the allegations of paragraph 51 as to itself. CV is without knowledge sufficient to admit or deny the allegations of paragraph 51 regarding the acts of other defendants herein, and, on that basis, denies the same.

52. CV denies the allegations of paragraph 52 as to itself. CV is without knowledge sufficient to admit or deny the allegations of paragraph 52 regarding the acts of other defendants herein, and, on that basis, denies the same.

53. CV denies the allegations of paragraph 53 as to itself. CV is without knowledge sufficient to admit or deny the allegations of paragraph 53 regarding the acts of other defendants herein, and, on that basis, denies the same.

## THIRD CLAIM FOR RELIEF
## INFRINGEMENT OF THE '665 PATENT

54. CV repeats and incorporates by reference each of paragraphs 1-53 as if fully set forth herein.

55. CV denies the allegations of paragraph 55 as to itself. CV is without knowledge sufficient to admit or deny the allegations of paragraph 55 regarding the acts of other defendants herein, and, on that basis, denies the same.

56. CV denies the allegations of paragraph 56 as to itself. CV is without knowledge sufficient to admit or deny the allegations of paragraph 56 regarding the acts of other defendants herein, and, on that basis, denies the same.

57. CV denies the allegations of paragraph 57 as to itself. CV is without knowledge sufficient to admit or deny the allegations of paragraph 57 regarding the acts of other defendants herein, and, on that basis, denies the same.

58. CV denies the allegations of paragraph 58 as to itself. CV is without knowledge sufficient to admit or deny the allegations of paragraph 58 regarding the acts of other defendants herein, and, on that basis, denies the same.

59. CV denies the allegations of paragraph 59 as to itself. CV is without knowledge sufficient to admit or deny the allegations of paragraph 59 regarding the acts of other defendants herein, and, on that basis, denies the same.

60. CV denies the allegations of paragraph 60 as to itself. CV is without knowledge sufficient to admit or deny the allegations of paragraph 60 regarding the acts of other defendants herein, and, on that basis, denies the same.

## PRAYER FOR RELIEF

61.     CV denies that Smarter Agent is entitled to any of the requested relief, and denies all the allegations in paragraphs A-H of the Prayer for Relief section.

## DEFENSES

## FIRST DEFENSE
## (NON-INFRINGEMENT)

1.      CV does not infringe, directly or indirectly, any valid claim of U.S. Patent Nos. 6,385,541, 6,496,776 or 7,072,665 (collectively, the "Patents-in-Suit"), either literally or under the doctrine of equivalents, willfully or otherwise.

## SECOND DEFENSE
## (INVALIDITY)

2.      The claims of the Patents-in-Suit are invalid for failing to satisfy one or more conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNTERCLAIMS

Defendant and counter-plaintiff Classified Ventures, LLC ("CV") complains of plaintiff and counter-defendant Smarter Agent, LLC ("Smarter Agent") as follows:

## NATURE OF THE ACTION

1.      This action arises under the United States Patent Laws, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201.  CV seeks an order declaring that CV does not infringe any valid claim of the "Patents-in-Suit, and that the claims of the Patents-in-Suit are invalid.

## THE PARTIES

2.      Counter-plaintiff CV is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 175 West Jackson Boulevard, Suite 800, Chicago, Illinois.  CV is engaged in, among other things, the

sale of classified advertisements for residential rental properties under the trade name Apartments.com.

3. Counter-defendant Smarter Agent alleges that it is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 200 Federal Street, Suite 300, Camden, New Jersey 08103, and that it is the owner of the patents-in-suit.

4. This Court enjoys subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court enjoys personal jurisdiction over counter-defendant, and venue is proper in this district, because, among other things, counter-defendant resides in this state and district, and because counter-defendant has consented to both personal jurisdiction and venue by commencing the underlying action in this Court.

**FACTS COMMON TO ALL COUNTS**

6. On March 26, 2010, Smarter Agent filed the underlying lawsuit against CV alleging infringement of each of the patents-in-suit.

7. CV denies that it infringes any valid claim of any of the patents-in-suit, and that, in all events, the claims of the patents-in-suit are invalid for failing to satisfy one or more conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

8. There exists an actual case and controversy between the parties concerning the non-infringement and invalidity of the patents-in-suit.

**COUNT I**
**Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,385,541**

9. CV repeats and incorporates by reference the allegations of paragraphs 1-8 of this Counterclaim as if fully set forth herein.

- 11 -

10. CV does not infringe any valid claim of U.S. Patent No. 6,385,541.

## COUNT II
### Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,496,776

11. CV repeats and incorporates by reference the allegations of paragraphs 1-8 of this Counterclaim as if fully set forth herein.

12. CV does not infringe any valid claim of U.S. Patent No. 6,496,776.

## COUNT III
### Declaratory Judgment of Non-Infringement of U.S. Patent No. U.S 7,072,665

13. CV repeats and incorporates by reference the allegations of paragraphs 1-8 of this Counterclaim as if fully set forth herein.

14. CV does not infringe any valid claim of U.S. Patent No. 7,072,665.

## COUNT IV
### Declaratory Judgment of Invalidity of U.S. Patent No. 6,385,541

15. CV repeats and incorporates by reference the allegations of paragraphs 1-8 of this Counterclaim as if fully set forth herein.

16. The claims of U.S. Patent No. 6,385,541 are invalid for failing satisfy one or more conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT V
### Declaratory Judgment of Invalidity of U.S. Patent No. 6,496,776

17. CV repeats and incorporates by reference the allegations of paragraphs 1-8 of this Counterclaim as if fully set forth herein.

18. The claims of U.S. Patent No. 6,496,776 are invalid for failing satisfy one or more conditions of patentability set forth in 35 U.S.C. § 101, 102, 103, and 112.

**COUNT VI**
**Declaratory Judgment of Invalidity of U.S. Patent No. 7,072,665**

19. CV repeats and incorporates by reference the allegations of paragraphs 1-8 of this Counterclaim as if fully set forth herein.

20. The claims of U.S. Patent No. 7,072,665 are invalid for failing satisfy one or more conditions of patentability set forth in 35 U.S.C. § 101, 102, 103, and 112.

**PRAYER FOR RELIEF**

WHEREFORE, defendant and counter-plaintiff CV respectfully requests the following relief:

A. That judgment on the Complaint be entered in favor of CV, and against Smarter Agent, and that Smarter Agent not recover the relief sought in its Complaint;

B. That CV be declared to have not infringed any valid claim of U.S. Patent No. 6,385,541.

C. That CV be declared to have not infringed any valid claim of U.S. Patent No. 6,496,776.

D. That CV be declared to have not infringed any valid claim of U.S. Patent No. 7,072,665.

E. That U.S. Patent No. 6,385,541 is declared invalid.

F. That U.S. Patent No. 6,496,776 is declared invalid.

G. That U.S. Patent No. 7,072,665 is declared invalid.

H. If the facts and circumstances warrant, that this Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285 and award CV its costs and expenses including attorneys' fees reasonably incurred in defending this action; and

    I.    That CV be awarded such other and further relief as the Court deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

CV hereby demands a trial by jury of all issues properly so triable.

|  |  |
|---|---|
|  | ASHBY & GEDDES |
|  | /s/ *Andrew C. Mayo* |
|  | ———————————————— |
|  | Steven J. Balick (I.D. #2114) |
|  | Lauren E. Maguire (I.D. #4261) |
|  | Andrew C. Mayo (I.D. #5207) |
|  | 500 Delaware Avenue, 8th Floor |
|  | P.O. Box 1150 |
|  | Wilmington, DE 19899 |
|  | (302) 654-1888 |
|  | sbalick@ashby-geddes.com |
| *Of Counsel:* | lmaguire@ashby-geddes.com |
|  | amayo@ashby-geddes.com |
| Robert M. Gerstein |  |
| Jeffrey H. Dean | *Attorneys for Defendant* |
| MARSHALL, GERSTEIN & BORUN LLP | *Classified Ventures, LLC* |
| 233 South Wacker Drive |  |
| 6300 Willis Tower |  |
| Chicago, IL 60606-6357 |  |
| (312) 474-6300 |  |

Dated: August 31, 2010